IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRANDON OSBORNE,

        **Plaintiff,**

                                      Civil Action 2:25-cv-1408
                                      Judge Algenon L. Marbley
        v.                            Magistrate Judge Elizabeth P. Deavers

C/O CHERIF JON DOE,
        *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's Orders that Plaintiff submit the required filing fee or a properly completed application for leave to proceed *in forma pauperis* and certified trust fund statement. (ECF Nos. 3, 4.)  For the following reasons, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (citing 28 U.S.C. § 1915(a)(1)).  "Submission of a sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for

proceeding *in forma pauperis.*"  *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)).

The United States Court of Appeals for the Sixth Circuit describes the Court's responsibility when an inmate has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee.  If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

On December 12, 2025, the Court issued a Notice of Deficiency to Plaintiff regarding the lack of the required filing fee or proper motion to proceed *in forma pauperis*.  (ECF No. 3.)  The deficiency deadline was set for January 11, 2026.  That Order was mailed to Plaintiff at his Madison Correctional Institution address.  The mailing was not returned to the Court as undeliverable.  When Plaintiff did not submit the required documents, the Court issued a second Order, on January 22, 2026, again advising Plaintiff of his deficiencies and permitting him thirty days in which to cure them.  (ECF No. 4.)  This Order also was mailed to Plaintiff at his Madison Correctional Institution address.  As with the first mailing, this second mailing was not returned to the Court as undeliverable.

Plaintiff was cautioned in both Orders that his failure to comply may result in dismissal of his case for failure to prosecute.  As of this date, Plaintiff has failed to cure the deficiencies

identified by the Court.  Accordingly, under the circumstances of this case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b) for failure to prosecute.

Notwithstanding the recommended dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed.  *McGore v. Wrigglesworth*, 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION without prejudice** under Rule 41(b) and assess the full filing fee.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to de novo review by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's

report, which fails to specify the issues of contention, does not suffice to preserve an issue for

appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED.**


Date: March 6, 2026                       _/s/ Elizabeth A. Preston Deavers_
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE